IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY LARSON, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12cv92-MHT |
| | ) | |
| TERRY HESTER, d/b/a | ) | |
| Regency Worldwide Development, Inc., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Jeffrey Larson, Carol Larson, and Equity Trust Company (as custodian of IRAs for the benefit of the Larsons)("Equity Trust") bring this diversity action against defendants Terry Hester d/b/a/ Regency Worldwide Development, Inc. ("Hester") and Regency Worldwide Development, Inc. ("Regency"). Plaintiffs allege that the defendants are liable to them for breach of a loan agreement. Defendant Hester has consented to the entry of judgment against him. (See Proposed Consent Judgment, Doc. # 69-1). This matter is presently before the court on plaintiff's unopposed motion for entry of consent judgment as to defendant Hester (Doc. # 69) and plaintiffs' motion for summary judgment (Doc. # 37).

**Procedural Background**

By order entered on July 26, 2012, the District Judge allowed counsel for both defendants, including the corporation, to withdraw from representation. (Doc. # 35). After plaintiffs filed the present motion for summary judgment, the District Judge referred this case

to the undersigned Magistrate Judge for disposition or recommendation on all pretrial matters.  (Doc. # 40).  Because it is well-established that a corporation may not appear *pro se* in this court – see Palazzo v. Gulf Oil Corporation, 764 F.2d 1381 (11th Cir. 1985); National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602 (11th Cir. 1985) – the undersigned did not set a briefing schedule on the motion for summary judgment.  Instead, the court held a conference to determine the corporate defendant's status.  (Doc. ## 41, 53).  In the conference, the court confirmed that Regency is a corporation, and defendant Hester (Regency's president) advised the court of his intention to retain counsel to represent both Hester and the corporation.  The court entered an order directing that such counsel enter an appearance by November 1, 2012, and warning the defendants that "[t]he failure of the corporate defendant to appear through counsel may result in entry of judgment against the corporation."  (Doc. # 54).

Hester and plaintiffs' counsel advised the court that they wished to mediate this matter and, by order entered on October 29, 2012, the court scheduled a mediation conference for November 14, 2012.  The corporate defendant subsequently missed its deadline for the appearance of counsel.  In the mediation conference held on November 14, 2012, Hester agreed to entry of judgment against him by consent and, also, expressed his desire (as Regency's president) to agree to entry of consent judgment against Regency on the same terms.  However, the corporate defendant remained unrepresented, and the court reiterated to Hester that the corporation must appear through counsel.  In a telephone conference held

on November 16, 2012, Hester confirmed that he is Regency's president, and informed the court that he had tried unsuccessfully to secure counsel for Regency and that no attorney would be appearing in this action on behalf of the corporate defendant.  Hester confirmed that he would not be retaining counsel to respond to plaintiffs' motion for summary judgment, even if the court were to enter an order allowing the corporation time to do so.

Plaintiffs' motion for summary judgment has now been pending for over two months and, despite the court's admonishment that Regency cannot defend itself against plaintiffs' claims without counsel, Hester has not retained counsel to represent the corporation. Accordingly, the court will not enter a briefing schedule, but will proceed to consider plaintiffs' motion for summary judgment.  Upon consideration of plaintiff's motion for summary judgment, the court concludes that the motion is due to be granted.[1]  Plaintiffs' unopposed motion for entry of consent judgment is also due to be granted as to defendant Hester.[2]

## Summary Judgment Standard

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine

---

[1]  Regency Worldwide Development, Inc. may, of course – if it retains counsel before the period for objections has run – file an objection to this recommendation and/or seek leave to respond to the summary judgment.

[2]  The court cannot enter the consent judgment in the form proposed, as it was drafted to include judgment against the unrepresented corporate defendant.

issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).

    For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).  It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.  Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment."  Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

> Where, as here, the moving party will bear the burden of proof at trial,
> that party must show affirmatively the absence of a genuine issue of material
> fact: it must support its motion with credible evidence . . . that would entitle
> it to summary judgment unless the non-moving party, in response, come[s]
> forward with significant, probative evidence demonstrating the existence of a
> triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v.

4

<u>Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

## Undisputed Facts[3]

In their motion for summary judgment, plaintiffs rely on the May 24, 2012, affidavit of Carol Larson, filed in support of plaintiffs' motion for entry of default judgment. (Doc. # 26-1).[4]  Larson testifies as follows:

> I am a Plaintiff in the above-entitled action.  I have read the Second Amended Complaint filed in this action and know the contents of it and that it is true of my own knowledge.  There is now due by the Defendants to the Plaintiffs on the liability set forth in the complaint the sum of 266,000 dollars.

(Doc. # 26-1).[5]  The Second Amended Complaint that Larson swears to be true includes, *inter alia*, the following allegations:

(1)  Plaintiffs Jeffrey and Carol Larson own and control self-directed retirement accounts (IRAs);

(2)  Plaintiff Equity Trust Company acts as custodian of the Larsons' IRAs;

---

[3] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the non-movant.  <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235, 1237 (11th Cir. 1992).

[4] As plaintiffs note, the answer filed after plaintiffs filed Larson's affidavit is not verified. It does not constitute evidence that the court may consider on the present motion.  (<u>See</u> Motion for summary judgment at p. 2 (Doc. # 37); "Answer of Defendant Terry Hester" (Doc. # 28)).  Neither does the court consider the exhibits attached to plaintiffs' motion for summary judgment (Doc. ## 37-1 through 37-6), as they are not supported by an authenticating affidavit and also do not constitute competent evidence.

[5] The "Second Amended Complaint filed in this action" and sworn by Larson to be true references attached exhibits that were not filed with the Second Amended Complaint (Doc. # 20). Thus, Larson's affidavit cannot be construed to authenticate the attachments plaintiffs filed with their motion for leave to amend the complaint (Doc. # 14) but failed to file with the actual second amended complaint.  Accordingly, the court has not considered the attachments.

5

(3)  On December 5, 2008, the Larsons entered into a written contract agreeing to a loan in the amount of $205,000 from their IRAs. The contract was drafted by Hester and identified Regency Worldwide Development, Inc. as the debtor.  The loan was to be repaid in full by December 5, 2009.

(4)  Pursuant to the loan agreement, the Larsons authorized Equity Trust to transfer the loan amount to Hester's Regions Bank account under the name "Regency Worldwide Development" or "Regency Worldwide Partners" by wire transfer.

(5)  In December 2009, when the full payment of the principal and interest were due, Hester failed to pay the Larsons any of the money owed on the contract, and the Larsons demanded payment.

(6)  In the spring of 2010, the Larsons received a payment of $40,000, approximately $31,000 of which was then due as interest.

(7)  In the fall of 2010, plaintiffs requested renewal of the contract and Hester executed renewal forms confirming the remaining principal balance, confirming the interest rate of 15%, and extending the maturity date of the loan to December 31, 2010.

(8)  The Larsons continued to demand repayment throughout 2011.

(9)  As of January 1, 2012, the amount owed on the principal balance was $195,000, not including any interest or costs.

(10)  Regency failed to pay the plaintiffs the remaining balance due on the loan principal and failed to pay them the interest due.

6

(11) Hester failed to pay the plaintiffs the remaining balance due on the loan principal and failed to pay them the interest due. (Doc. # 20; Doc. # 26-1).

As noted above, Larson testified in her May 24, 2012, affidavit that the amount then remaining due from defendants was $266,000.  There is no evidence of record suggesting that any amount has since been paid to the plaintiffs on the outstanding balance of the loan.

## Discussion

To establish a breach of contract under Alabama law, plaintiffs must prove: (1) the existence of a valid contract; (2) plaintiffs' performance under the contract; (3) the defendant's failure to perform; and (4) damages.  Shaffer v. Regions Finacial Corp., 29 So.3d 872 (Ala. 2009)(citing Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala. 2002)).  "The essential elements of a contract are as follows: an agreement, consideration, two or more contracting parties, a legal object, and capacity."  Shirley v. Lin, 548 So.2d 1329, 1332 (Ala. 1989)(citations omitted).  Larson's affidavit verifying the second amended complaint evidences the existence of a loan agreement between plaintiffs and Regency, performance of the contract by plaintiffs, Regency's failure to perform its obligation to repay the loan amount with interest, and damages.

On the issue of interest owed, Larson verified through her affidavit that Hester confirmed at the time of renewal of the loan "that interest on the loan was set at 15%." (Larson affidavit; Second Amended Complaint, ¶ 11).  Hester testified under oath at the November 16, 2012, hearing that the parties had agreed to simple interest at the 15% rate.

However, plaintiffs and individual defendant Hester have agreed to a consent judgment including post-judgment interest at a reduced rate of eight percent. (Proposed Consent Judgment; see also Ala. Code, § 8-8-10 (specifying that monetary judgments in contract actions bear interest at the rate stated in the contract).

## CONCLUSION

The evidence filed by plaintiff is undisputed, and it cannot be controverted by Regency, which has failed to retain counsel to represent it before this court. The undisputed evidence establishes the absence of a genuine issue of material fact as to plaintiffs' claim against Regency for breach of contract. Additionally, individual defendant Hester has consented to entry of judgment against him. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) plaintiffs' motion for entry of consent judgment (Doc. # 69) be GRANTED as to defendant Hester;

(2) plaintiffs' motion for summary judgment (Doc. # 37) be GRANTED as to defendant Regency Worldwide Development, Inc.;

(3) judgment be entered in favor of plaintiffs and against defendants Hester and Regency Worldwide Development, Inc., jointly and severally, in the amount of $266,000 – the amount due on the loan as of May 24, 2012, according to Larson's undisputed affidavit

testimony,[6] and the amount to which defendant Hester agreed in the proposed consent judgment – with this judgment to specify that, as to defendant Hester only, post-judgment interest shall accrue at a rate of 8% from January 14, 2013, as agreed to by plaintiffs and Hester;

(4) judgment be entered in favor of plaintiffs and against Regency Worldwide Development, Inc., for an additional amount of simple interest calculated at the rate of 15% per year, from May 24, 2012 (the date of Larson's affidavit) until the date of entry of judgment; and

(5) costs be taxed against Regency Worldwide Development, Inc.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 3, 2012. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and

---

[6] The evidence of record that the court may consider on the motion for summary judgment is not sufficient to permit the accurate calculation of interest from any earlier date or based on any amount other than the $266,000 total amount sworn by Larson to be owed by defendants to the plaintiffs on May 24, 2012, and which is undisputed for purposes of the motion.

shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of November, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

10